FILED

1  JOHNSON & PHAM, LLP
2  Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com

13 MAR 29  PM 2: 34

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

BY:_____

3  Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
5      E-mail: mchaney@johnsonpham.com
6  Hung Q. Pham, SBN: 276613
       E-mail: ppham@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 326
   Woodland Hills, California  91367
8  Telephone:  (818) 888-7540
9  Facsimile:  (818) 888-7544

10  Attorneys for Plaintiff
11  BOSE CORPORATION

12          UNITED STATES DISTRICT COURT
13          CENTRAL DISTRICT OF CALIFORNIA

14  BOSE CORPORATION, a Delaware
15  Corporation,

Case No.  CV13- 02282 MWF (PZx)

16              Plaintiff,

COMPLAINT FOR DAMAGES
AND DECLARATORY RELIEF:

17

18          vs.

19  S. GLICK, an Individual d/b/a
20  NEWDEALLZZ; MARIAÑO
    DICAPRIO, an Individual d/b/a
21  NEWDEALLZZ, and DOES 1-10,
22  Inclusive,

23              Defendants.

24

25

26

27

28

(1) FEDERAL TRADEMARK
   INFRINGEMENT [15 U.S.C. §
   1114/*Lanham Act* §43(a)]
(2) FALSE DESIGNATION OF
   ORIGIN/UNFAIR
   COMPETITION/FALSE OR
   MISLEADING ADVERTISING
   [15 U.S.C. §1125(a)];
(3) TRADEMARK DILUTION [15
   U.S.C. §1125(c)];
(4) UNFAIR BUSINESS
   PRACTICES [*CALIFORNIA
   BUSINESS & PROFESSIONS
   CODE* §17200];
(5) DECLARATORY RELIEF;

1

**DEMAND FOR JURY TRIAL**

2

3       COMES NOW, Plaintiff BOSE CORPORATION, a Delaware Corporation

4   (hereinafter "Plaintiff"), hereby allege as follows:

5                                       **PARTIES**

6       1.     Plaintiff is now, and was at the time of the filing of this Complaint

7   and at all intervening times, a Delaware Corporation, with its corporate

8   headquarters at The Mountain, Framingham, Massachusetts 01701, duly

9   authorized and licensed to conduct business in the State of California.

10      2.     Plaintiff alleges, on information and belief, Defendant S. GLICK

11  ("Defendant GLICK") is now, and was at the time of filing this Complaint, an

12  individual doing business as NEWDEALZZ, residing in Jackson, New Jersey.

13      3.     Plaintiff alleges, on information and belief, Defendant MARIANO

14  DICAPRIO ("Defendant DICAPRIO") is now, and was at the time of filing this

15  Complaint, an individual doing business as NEWDEALZZ, residing in Jackson,

16  New Jersey.

17      4.     The true names and capacities, whether individual, corporate,

18  associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are

19  unknown to Plaintiff. Plaintiff, therefore, sues said Defendants by such fictitious

20  names.   When the true names and capacities of said Defendants have been

21  ascertained, Plaintiff will amend this pleading accordingly.

22      5.     Plaintiff further alleges that Defendants, and DOES 1-10, inclusive,

23  sued herein by fictitious names, are jointly, severally and concurrently liable and

24  responsible with the named Defendants upon the causes of action hereinafter set

25  forth and shall henceforth be referred to collectively as "Defendants."

26  ///

27  ///

28  ///

6.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## JURISDICTION/VENUE

7.     This Court has jurisdiction over the subject matter of the First and Second Causes of Action (violation of the *Lanham Act*) pursuant to 15 U.S.C. §1121 and/or 28 U.S.C. §§1331 and/or 1338(a).

8.     This Court also has specific jurisdiction since Defendants have committed acts of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and have sold products that infringe the trademarks of Plaintiff to consumers within this judicial district. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using an interactive Internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff or its authorized manufacturers.

9.     Additionally, supplemental jurisdiction exists over Defendants because, on information and belief, Defendants conduct business in California and in this judicial district, and have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

10.     Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damages to Plaintiff in this district. The counterfeit BOSE® products sold by Defendants were purchased from California, paid with funds from a financial institution in California, and Defendants purposefully shipped the counterfeit products into California. Venue is also proper in this district because Plaintiff conducts substantial business through its 22 factory and showcase stores throughout California.

## GENERAL ALLEGATIONS

11.     Plaintiff was founded in 1964, by Dr. Amar G. Bose. Through extensive research and engineering, Plaintiff has developed groundbreaking audio technology and innovative products, including the Wave® radio, QuietComfort® noise cancelling headphones, and SoundDock® digital music system.

12.     Plaintiff designs, manufactures, and sells a wide array of high-performance electronic audio products for consumers and professionals. Plaintiff sells its wide array of high-performance electronic audio products through its authorized retail stores, authorized dealers, and website, www.bose.com.

13.     Plaintiff's high-performance electronic audio products include professional loudspeakers, bookshelf speakers, factory-installed sound system custom-designed for specific automobiles (ie. Audi, Cadillac, Chevrolet, Infiniti, Maserati, and Porsche to name a few), portable home CD/FM/AM radio sound systems, portable digital music systems, home theater systems, aviation headsets, around-ear and over-ear noise cancelling headphones, in-ear and around-ear sport headphones, and audio and mobile headphones, including Bluetooth headsets.

14.     Plaintiff has built its reputation with an uncompromising commitment to developing high-performance audio products that create exceptional audio quality and sound. Plaintiff has spent substantial resources and

1   effort to inform customers of the benefits of Plaintiff's products and to develop
2   consumer recognition and awareness of its trademarks in the United States and the
3   world. Through the extensive use of the Plaintiff's Marks, including the BOSE®
4   trademark, Plaintiff has built up and developed substantial goodwill and enormous
5   recognition in their entire product line throughout the United States and the world.

6       15.   Plaintiff's products and services-include providing sound systems for
7   businesses, retail environments, restaurants, places of worship, schools,
8   performance venues, providing exceptional entertainment systems for new and
9   existing homes through Lifestyle® BUILT-INvisible® dealers, and noise-
10  cancelling technology for military application.

11      16.   Indeed, Plaintiff's BOSE® name and logo are widely recognized
12  throughout the United States as a provider of high-quality audio products.

13      17.   Plaintiff is the exclusive owner of federally-registered and Common
14  law trademarks. The following is a partial (non-exhaustive) list of the registered
15  trademarks owned by Plaintiff (the "Marks"):

16      A.    BOSE®: Registration date October 19, 2010 (Reg. No.
17  3,863,254), for batteries, communication headsets for use with communication
18  radios, intercom systems, or other communications networks transceivers;
19  headphones; headsets for cellular or mobile phones, microphone;

20      B.    QuietComfort®: Registration date February 19, 2002 (Reg. No.
21  2,539,951), for audio and video headsets;

22      C.    Acoustic Noise Cancelling®: Registration date September 16,
23  1997 (Reg. No. 2,096,548), for headsets for reducing acoustic noise;

24      D.    QC®: Registration date December 18, 2007 (Reg. No.
25  3,355,350), for headphones and headphone related accessories, namely audio
26  cables with built-in microphones and adapters to connect headphones to cell
27  phones;

28  ///

1          E.    Mark consisting of the color white interwoven with the color

2    black throughout the length of cords attached to headphones, for headphones:

3    Registration date September 9, 2008 (Reg. No. 3,497,786);

4          F.    Engineered for Exercise®: Registration date of December 12,

5    2012 (Reg. No. 4,262,660), for headphones, headsets for cellular or mobile

6    phones;

7          G.    Better sound through research®: April 27, 1993 (Reg. No.:

8    1,767,324); for loudspeaker systems.

9          H.    Triport®: Registration date February 21, 2006 (Reg. No.

10   3,060,458), for headphones;

11         I.    BOSE®: Registration date October 19, 1999 (Reg. No.

12   2,288,004), for computerized on-line retail services in the field of sound

13   reproduction products;

14         J.    BOSE®: Registration date of December 8, 1992 (Reg. No.

15   1,738,278), for printed matter, namely catalogs, newsletters, and brochures;

16         K.    BOSE®: Registration date of March 29, 1994 (Reg. No.

17   1,828,700), for retail store services in the field of electronic and electro-acoustical

18   products; and

19         L.    BOSE®: Registration date September 25, 1984 (Reg. No.

20   1,297,699), for clothing.

21       Attached hereto as Exhibit "A"-"L" are true and correct copies of the

22   certificates of registration for Plaintiff's federally-registered marks mentioned

23   above (hereinafter Plaintiff's "Marks").

24       18.    Particularly in light of the success of Plaintiff's products, as well as

25   the recognized outstanding reputation it has gained, Plaintiff and its products have

26   become targets for unscrupulous individuals and entities who wish to take a "free

27   ride" on the substantial goodwill, reputation, and fame Plaintiff has spent

28   considerable money, effort, and resources to build up in its products and Marks.

19.    Defendants use, amongst other things, the Internet online sales website known as www.ebay.com (hereinafter ("eBay")) to sell and distribute products, including counterfeit goods bearing Plaintiff's Marks, as described previously, to consumers.  At any given time, there are millions of items listed on eBay for purchase by its registered users.  On eBay, buyers are able to search for products and purchase these products electronically.

20.    eBay users have the option to purchase items in an auction-styled format where users may bid on particular products or items, or an eBay user may employ eBay's "buy it now" program, whereby eBay users may purchase a particular item at a specified "buy it now" price.

21.    eBay users may also implement an eBay feature referred to as "Feedback," whereby an eBay user may post an online comment or "Feedback" relating to a particular sale experience.  This "Feedback" may be a positive, neutral, or a negative review of a specific sale experience.

22.    Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendants have, without the consent of Plaintiff, offered to sell and sold within the United States (including within this judicial district) goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the subject Marks.  On information and belief, Plaintiff further alleges that Defendants imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

23.    Defendant GLICK doing business as NEWDEALLZ maintains and operates a storefront or webpage on eBay under the seller ID "s.glick2012." Through this eBay storefront, Defendant GLICK regularly and systematically advertised, marketed, distributed, and sold products bearing unauthorized BOSE®

1   registered trademarks.

2      24.   Plaintiff implements a monitoring software which caches a specific
3   seller ID's activities on a specific ecommerce platform.  Plaintiff's monitoring
4   software report of Defendant GLICK's seller ID "s.glick2012" shows Defendant
5   GLICK has sold no less than Forty-Three (43) units of BOSE®-branded products
6   through his eBay storefront.

7      25.   On February 1, 2013, in its ongoing investigation of counterfeit sales
8   of BOSE®-branded products, Plaintiff, from the State of California, purchased a
9   set of "New OE headphones, free USPS shipping. Still sealed" (Item
10  #261160815622), with an advertising photo showing a BOSE®-branded product,
11  from Defendant GLICK, for a cost of $91.00 charged to Plaintiff's investigator's
12  PayPal electronic payment account.   A true and correct copy of Plaintiff's
13  investigator's PayPal receipt for the purchase of Defendant GLICK's "New OE
14  headphones, free USPS shipping. Still sealed" (Item #261160815622) is attached
15  hereto as Exhibit "M."

16     26.   The product purchased from Defendant GLICK was inspected by
17  Plaintiff to determine authenticity.  Plaintiff's inspection of the purchased item
18  using security measures confirmed that the "New OE headphones, free USPS
19  shipping. Still sealed" (Item #261160815622) Defendant GLICK sold to
20  Plaintiff's investigator was in fact counterfeit BOSE®-branded headphone.

21     27.   Through such business activities, Defendant GLICK purposely
22  derived benefit from his interstate commerce activities by expressly targeting
23  foreseeable purchasers in the State of California.  But for Defendant GLICK's
24  advertising, soliciting and selling of counterfeit BOSE®-branded products in
25  California, Plaintiff would not have been able to make a purchase of the subject
26  product.

27  / / /

28  / / /

28.     Defendant DICAPRIO, doing business as NEWDEALLZ, maintains and operates a storefront or webpage on eBay under the seller ID "dicapriomariano2013." Through this eBay storefront, Defendant DICAPRIO regularly and systematically advertised, marketed, distributed and sold products bearing unauthorized BOSE® registered trademarks. As of the date of filing of this Complaint, DICAPRIO's eBay "Feedback" showed at least 3 online comments on Defendant DICAPRIO's sales of BOSE®-branded products.

29.     Plaintiff implements a monitoring software which caches a specific seller ID's activities on a specific ecommerce platform. Plaintiff's monitoring software report of Defendant DICAPRIO's seller ID "dicapriomariano2013" shows Defendant DICAPRIO has sold no less than seven (7) units of BOSE®-branded products through his/her eBay storefront.

30.     On February 23, 2013, in its ongoing investigation of counterfeit sales of BOSE®-branded products, Plaintiff, from the State of California, purchased a set of "Brand new, still sealed QC3 headphones. Free and fast shipping" (Item #190801170166), with an advertising photo showing a BOSE®-branded product, from Defendant DICAPRIO, for a cost of $132.50, charged to Plaintiff's investigator's PayPal electronic payment account. A true and correct copy of Plaintiff's investigator's PayPal receipt for the purchase of Defendant DICAPRIO's "Brand new, still sealed QC3 headphones. Free and fast shipping" (Item #190801170166) is attached hereto as Exhibit "N."

31.     The product purchased from Defendant DICAPRIO was inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased item using security measures confirmed that the "Brand new, still sealed QC3 headphones. Free and fast shipping" (Item #190801170166) Defendant DICAPRIO sold to Plaintiff's investigator was in fact counterfeit BOSE®-branded headphone.

/ / /

32.    Through such business activities, Defendant DICAPRIO purposely derived benefit from his interstate commerce activities by expressly targeting foreseeable purchasers in the State of California.  But for Defendant DICAPRIO's advertising, soliciting and selling of counterfeit BOSE®-branded products in California, Plaintiff would not have been able to make a purchase of the subject product.

33.    Defendants willfully use images and names identical to Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its unauthorized and counterfeit product.  Defendants' willful use of Plaintiff's Marks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of Plaintiff's BOSE®-branded headphone.  Defendants' use of Plaintiff's Marks began long after Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the trademark registrations alleged above.  Neither Plaintiff nor any of its authorized agents have consented to Defendants' use of Plaintiff's Marks.

34.    Defendants' actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the counterfeit BOSE®-branded headphones sold and distributed by Defendants.   By their wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.   Furthermore, the sale and distribution of counterfeit goods by Defendants have infringed upon Plaintiff's federally registered trademarks.

35.    Defendants' offering to sell, selling, importing and encouraging others to import Counterfeit Goods in this manner was and is likely to cause confusion or mistake and/or to deceive consumers who purchase the Counterfeit Goods.

36.    Defendants also offered to sell, sold, imported, and/or encouraged others to import for the purpose of resale within the United States, Counterfeit

Goods consisting of reproductions and/or copies of products bearing Plaintiff's Marks. Defendants' use of Plaintiff's Marks was done without Plaintiff's authorization.

37. Plaintiff has never authorized or consented to Defendants' use of Plaintiff's BOSE® mark or other Trademarks, or any confusingly similar marks, colorable imitations, or copied or derivative works by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, sell, import, market, or distribute any BOSE®-branded product.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Against Defendants S. GLICK d/b/a NEWDEALLZZ, MARIANO DICAPRIO d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive)

### [15 U.S.C. §1114/*Lanham Act* §43(a)]

38. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

39. Defendants' actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a).

40. As a proximate result of Defendants' trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff alleges, on information and belief, that as a proximate result of Defendants' trademark infringement, Defendants have unlawfully profited in an amount to be proven at trial.

41. At all relevant times, Defendants acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that said Marks belong to Plaintiff that the status of the Counterfeit Goods was in fact counterfeit, and that Defendants were not authorized to use Plaintiff's Marks on the Counterfeit Goods. Plaintiff is therefore entitled to recovery of treble damages

1    pursuant to 15 U.S.C. §1117(a).  Further, Defendants' knowing, intentional and/or

2    willful actions make this an exceptional case, entitling Plaintiff to an award of

3    reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

4        42.    Defendants' actions also constitute the use by Defendants of one or

5    more "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B).    Plaintiff

6    therefore reserves the right to elect, at any time before final judgment is entered in

7    this case, an award of statutory damages pursuant to 15 U.S.C. §1117(c)(1) and/or

8    (2).

9        43.    The acts of direct and/or contributory trademark infringement

10   committed by Defendants have caused, and will continue to cause, Plaintiff

11   irreparable harm unless they are enjoined by this Court.

12                          **SECOND CAUSE OF ACTION**

13            **(False Designation of Origin, False or Misleading Advertising Against**

14       **Defendants S. GLICK d/b/a NEWDEALLZZ, MARIANO DICAPRIO d/b/a**

15                   **NEWDEALLZZ, and DOES 1-10, Inclusive)**

16                          **[15 U.S.C. §1125 (a)]**

17       44.    Plaintiff hereby incorporate by reference each of the other allegations

18   set forth elsewhere in this Complaint as thought fully set forth in this cause of

19   action.

20       45.    Defendants' actions as described herein constitute direct and/or

21   contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to

22   cause confusion, or to cause mistake, or to deceive as to the affiliation,

23   connection, or association of Defendants with Plaintiff and/or as to the origin,

24   sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

25       46.    As a proximate result of Defendants' violation as described herein,

26   Plaintiff has been damaged in an amount to be proven at trial.  Further, Plaintiff

27   allege on information and belief that, as a proximate result of Defendants' direct

28   and/or contributory trademark infringement, Defendants have unlawfully profited,

1  in an amount to be proven at trial.

2      47.  Defendants' acts of violating, directly and/or contributorily, Section

3  1125 have caused, and will continue to cause, Plaintiff irreparable harm unless

4  they are enjoined by this Court.

5  **THIRD CAUSE OF ACTION**

6  **(Dilution Against Defendants S. GLICK d/b/a NEWDEALLZZ, MARIANO**

7  **DICAPRIO d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive)**

8  **[15 U.S.C. §1125(c)]**

9      48.  Plaintiff hereby incorporates by reference each of the other

10  allegations set forth elsewhere in this Complaint as though fully set forth in this

11  cause of action.

12      49.  Plaintiff's Marks are distinctive and famous within the meaning of

13  the *Lanham Act*.

14      50.  Upon information and belief, Defendants' unlawful actions began

15  long after Plaintiff's Marks became famous, and Defendants acted knowingly,

16  deliberately and willfully with the intent to trade on Plaintiff's reputation and to

17  dilute Plaintiff's Marks. Defendants' conduct is willful, wanton, and egregious.

18      51.  Defendants' intentional sale of fake, pirated and counterfeit items

19  bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive,

20  mislead, betray, and defraud consumers to believe that the substandard imitations

21  are genuine products manufactured by Plaintiff. Defendants' actions complained

22  of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely

23  to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure

24  Plaintiff's business reputation and its Marks.

25      52.  Defendants' acts have caused and will continue to cause Plaintiff

26  irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully

27  for the damages that have been caused and which will continue to be caused by

28  Defendants' unlawful acts, unless they are enjoined by this Court.

1    53.    As the acts alleged herein constitute a willful violation of section
2  43(c) of the *Lanham Act*, 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive
3  relief as well as monetary damages and other remedies provided by 15 U.S.C.
4  §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble damages,
5  reasonable attorney's fees, costs and prejudgment interest.

6                          **FOURTH CAUSE OF ACTION**

7  **(Unfair Competition Against Defendants S. GLICK d/b/a NEWDEALLZZ,**
8  **MARIANO DICAPRIO d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive)**
9            *California Business and Professions Code §17200 et seq.*

10    54.    Plaintiff hereby incorporates by reference each of the other
11  allegations set forth elsewhere in this Complaint as thought fully set forth in this
12  cause of action.

13    55.    Defendants' actions described herein constitute unlawful, unfair
14  and/or fraudulent business acts or practices. Defendants' actions thus constitute
15  "unfair competition" pursuant to *California Business and Professions Code*
16  §17200.

17    56.    As a proximate result of Defendants' actions, Plaintiff has suffered an
18  injury in fact, including without limitation, damages in an amount to be proven at
19  trial, loss of money or property, and diminution in the value of its Marks. Plaintiff
20  therefore has standing to assert this claim pursuant to *California Business and*
21  *Professions Code* §17204.

22    57.    Defendants' actions have caused, and will continue to cause Plaintiff
23  to suffer irreparable harm unless enjoined by this Court pursuant to *California*
24  *Business and Professions Code* §17203. In addition, Plaintiff requests that the
25  Court order Defendants to disgorge all profits wrongfully obtained as a result of
26  Defendants' unfair competition, and order that Defendants pay restitution to
27  Plaintiff in an amount to be proven at trial.

28  / / /

1

## FIFTH CAUSE OF ACTION

2

**(Declaratory Relief Against Defendants S. GLICK d/b/a NEWDEALLZZ,**

3

**MARIANO DICAPRIO d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive)**

4      58.   Plaintiff hereby incorporates by reference each of the other

5   allegations set forth elsewhere in this Complaint as thought fully set forth in this

6   cause of action.

7      59.   Defendants' actions as described herein constitute direct and/or

8   contributory trademark infringement in violation of 15 U.S.C. §1114(1)(a); direct

9   and contributory violation of 15 U.S.C.§1125(a)(1)(A); actions of Defendants

10   complained herein have diluted and will continue to dilute Plaintiff's Marks; and

11   unlawful, unfair and/or fraudulent business acts or practices.

12      60.   Plaintiff requests judicial determination that Defendants have

13   committed the aforementioned acts; that Plaintiff has no adequate remedy at law;

14   that there is a present controversy between Plaintiff and Defendants for which a

15   declaratory judgment should be entered to determine that Defendants' conduct

16   constitutes infringement of Plaintiff's Marks pursuant to 15 U.S.C. §§1114(1)(1)

17   and 1125(a)(1)(A), that such conduct diluted and will continue to dilute Plaintiff's

18   Marks, and that such conduct by Defendants constitutes unlawful, unfair and/or

19   fraudulent business acts or practices.

20

## REQUEST FOR RELIEF

21      WHEREFORE, Plaintiff hereby respectfully requests the following relief

22   against Defendants S. GLICK d/b/a NEWDEALLZZ, MARIANO DICAPRIO

23   d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive, and each of them as follows:

24      1.   For an award of Defendants' profits and Plaintiff's damages in an

25         amount to be proven at trial for trademark infringement under 15

26         U.S.C. §1114(a);

27      2.   For an award of Defendants' profits and Plaintiff's damages in an

28         amount to be proven at trial for false designation of origin and unfair

competition under 15 U.S.C. §1125(a);

3.  For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4.  In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiff's Marks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiff will make prior to the rendering of final judgment;

5.  For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and Professions Code* §17200;

6.  For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

7.  For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants complied with his/her/their/its legal obligations, or as equity requires;

8.  For an order from the Court that an asset freeze or constructive trust

1    be imposed over all monies and profits in Defendants' possession
2    which rightfully belong to Plaintiff'; for an order from the Court
3    preventing Defendants' transferring or disposing of any money or
4    tangible assets until further order from the Court; for an order from
5    the Court such that any banks, savings and loan associations, credit
6    unions, credit card payment processors, merchant accounts, or other
7    financial institutions, shall immediately locate all accounts connects
8    to Defendants and shall be restrained and enjoined from transferring
9    or disposing of any money or other tangible assets of Defendants
10    until further order from this Court;

11    9.    For an award of exemplary or punitive damages in an amount to be
12    determined by the Court;

13    10.    For Plaintiff' reasonable attorney's fees;

14    11.    For all costs of suit;

15    12.    For such other and further relief as the Court may deem just and
16    equitable.

17    **DEMAND FOR JURY TRIAL**

18    Plaintiff BOSE CORPORATION, respectfully demands a trial by jury in
19    this action.

20    DATED: March 29, 2013 -           JOHNSON & PHAM, LLP

21
22
23    By: _____
      Christopher D. Johnson, Esq.
24    Christopher Q. Pham, Esq.
      Marcus F. Chaney, Esq.
25    Hung Q. Pham, Esq.
26    Attorneys for Plaintiff
      BOSE CORPORATION
27
28

# EXHIBIT A

# United States of America
## United States Patent and Trademark Office

# BOSE

Reg. No. 3,863,254

Registered Oct. 19, 2010

Int. Cl.: 9

TRADEMARK

PRINCIPAL REGISTER

BOSE CORPORATION (DELAWARE CORPORATION)
MS-40.
MOUNTAIN ROAD
FRAMINGHAM, MA 01701

FOR: BATTERIES; COMMUNICATIONS HEADSETS FOR USE WITH COMMUNICATION RADIOS, INTERCOM SYSTEMS, OR OTHER COMMUNICATIONS NETWORK TRANSCEIVERS; HEADPHONES; HEADSETS FOR CELLULAR OR MOBILE PHONES; MICROPHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-1-2000; IN COMMERCE 6-1-2000.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 829,402, 1,727,482 AND OTHERS.

SER. NO. 77-938,552, FILED 2-18-2010.

DAWN FELDMAN, EXAMINING ATTORNEY



David J. Kppos
Director of the United States Patent and Trademark Office

# EXHIBIT B

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,539,951

## United States Patent and Trademark Office

Registered Feb. 19, 2002

TRADEMARK
PRINCIPAL REGISTER

## QUIETCOMFORT

BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN ROAD
FRAMINGHAM, MA 017019168

    FOR: AUDIO AND VIDEO HEADSETS, IN CLASS
9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-1-2000; IN COMMERCE 6-1-2000.

SER. NO. 76-191,799, FILED 12-28-2000.

DANIEL BRODY, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 2,096,548

## United States Patent and Trademark Office

Registered Sep. 16, 1997

### TRADEMARK
### PRINCIPAL REGISTER

## ACOUSTIC NOISE CANCELLING

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: HEADSETS FOR REDUCING ACOUS-
TIC NOISE, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 8-4-1987; IN COMMERCE
8-4-1987.
OWNER OF U.S. REG. NO. 1,520,322,
SEC, 2(F).

SER. NO. 75-034,312, FILED 12-4-1995.

ALAN ATCHISON, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

Reg. No. 3,355,350

United States Patent and Trademark Office      Registered Dec. 18, 2007

TRADEMARK
PRINCIPAL REGISTER

# QC

BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: HEADPHONES AND HEADPHONE-RELA-
TED ACCESSORIES, NAMELY, AUDIO CABLES
WITH BUILT-IN MICROPHONES AND ADAPTERS
TO CONNECT HEADPHONES TO CELL PHONES,
IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-4-2005; IN COMMERCE 8-4-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,539,951.

SER. NO. 77-135,456, FILED 3-20-2007.

JACQUELINE A. LAVINE, EXAMINING ATTOR-
NEY

# EXHIBIT E

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,497,786
Registered Sep. 9, 2008

TRADEMARK
PRINCIPAL REGISTER



BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: HEADPHONES, IN CLASS 9 (U.S. CLS. 21, 23,
26, 36 AND 38).

FIRST USE 3-15-2007; IN COMMERCE 3-15-2007.

THE COLOR(S) BLACK AND WHITE IS/ARE
CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE COLOR WHITE
INTERWOVEN WITH THE COLOR BLACK
THROUGHOUT THE LENGTH OF THE CORDS
ATTACHED TO HEADPHONES. NO CLAIM IS
MADE TO THE SHAPE OF THE CORDS OR THE
HEADPHONES.

SEC. 2(F).

SER. NO. 77-168,672, FILED 4-30-2007.

JACQUELINE A. LAVINE, EXAMINING ATTOR-
NEY

# EXHIBIT F

# United States of America

### United States Patent and Trademark Office

# Engineered for Exercise

**Reg. No. 4,262,660**

**Registered Dec. 18, 2012**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

BOSE CORPORATION (DELAWARE CORPORATION)
MS-40
MOUNTAIN ROAD
FRAMINGHAM, MA 01701

FOR: HEADPHONES; HEADSETS FOR CELLULAR OR MOBILE PHONES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 9-19-2012; IN COMMERCE 9-19-2012.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-587,539, FILED 4-3-2012.

ALLISON HOLTZ, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# EXHIBIT G

Int. Cl.: 9

Prior U.S. Cls.: 21 and 36

**Reg. No. 1,767,324**

**United States Patent and Trademark Office**   Registered Apr. 27, 1993

## TRADEMARK
## PRINCIPAL REGISTER

## BETTER SOUND THROUGH RESEARCH

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: LOUDSPEAKER SYSTEMS; MUSIC
SYSTEMS CONSISTING OF A LOUDSPEAKER
SYSTEM AND ONE OR MORE OF THE FOL-
LOWING; A COMPACT DISC PLAYER,
RECORD PLAYER, AUDIO TAPE PLAYER,
RADIO TUNER, AMPLIFIER AND PRE-AMPLI-
FIER , IN CLASS 9 (U.S. CLS. 21 AND 36).
FIRST USE 11-0-1991; IN COMMERCE
11-0-1991.

SER. NO. 74-311,174, FILED 9-4-1992.

CONNIE M. JUDGE, EXAMINING ATTORNEY

# EXHIBIT H

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,060,458
Registered Feb. 21, 2006

TRADEMARK
PRINCIPAL REGISTER

TRIPORT

BOSE CORPORATION (DELAWARE CORPORA-
TION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: MUSIC SYSTEM CONSISTING OF HEAD-
PHONES AND A PLAYER OF RECORDED SOUND
SIGNALS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 2-3-2005; IN COMMERCE 2-3-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,634,112.

SER. NO. 78-590,159, FILED 3-18-2005.

MICHAEL GAAFAR, EXAMINING ATTORNEY

# EXHIBIT I

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

Reg. No. 2,288,004

## United States Patent and Trademark Office

Registered Oct. 19, 1999

### SERVICE MARK
### PRINCIPAL REGISTER

## BOSE

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: COMPUTERIZED ON-LINE RETAIL
SERVICES IN THE FIELD OF SOUND REPRO-
DUCTION PRODUCTS, AND SHOPPING IN-
FORMATION RELATED THERETO, IN CLASS
35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 3-0-1997; IN COMMERCE
3-0-1997.

OWNER OF U.S. REG. NOS. 829,402, 1,830,727
AND OTHERS.

SER. NO. 75-573,700, FILED 10-20-1998.

SUSAN LESLIE DUBOIS, EXAMINING ATTOR-
NEY

# EXHIBIT J

Int. Cls.: 16 und 37

Prior U.S. Cls.: 38 and 103

Reg. No. 1,738,278

United States Patent and Trademark Office    Registered Dec. 8, 1992

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

**BOSE**

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: PRINTED MATTER; NAMELY, CATA-
LOGS, NEWSLETTERS, AND BROCHURES
ALL IN THE FIELD OF ELECTRONICS AND
ELECTROACOUSTICAL EQUIPMENT, IN
CLASS 16 (U.S. CL. 38).
FIRST USE 5-0-1974; IN COMMERCE
5-0-1974.

FOR: SERVICES AND REPAIR OF ELEC-
TRONIC AND ELECTROACOUSTICAL EQUIP-
MENT, IN CLASS 37 (U.S. CL. 103).
FIRST USE 5-0-1974; IN COMMERCE
5-0-1974.
OWNER OF U.S. REG. NOS. 829,402, 991,271,
AND 1,297,699.

SER. NO. 74-145,597, FILED 3-6-1991.

W. A. CONN, EXAMINING ATTORNEY

# EXHIBIT K

Int. Cl.: 42

Prior U.S. Cl.: 101

## United States Patent and Trademark Office

Reg. No. 1,828,700
Registered Mar. 29, 1994

### SERVICE MARK
### PRINCIPAL REGISTER

## BOSE

BOSE CORPORATION (DELAWARE CORPO-
RATION)
THE MOUNTAIN
FRAMINGHAM, MA 017019168

FOR: RETAIL STORE SERVICES IN THE
FIELD OF ELECTRONIC, AND ELECTRO-
ACOUSTICAL PRODUCTS, IN CLASS 42 (U.S.
CL. 101).

FIRST USE 11-0-1984; IN COMMERCE
11-0-1984.
OWNER OF U.S. REG. NOS. 829,402, 1,738,278
AND OTHERS.

SER. NO. 74-408,123, FILED 7-1-1993.

NORA BUCHANAN WILL, EXAMINING AT-
TORNEY

# EXHIBIT L

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,297,699
Registered Sep. 25, 1984

### TRADEMARK
Principal Register



Bose Corporation (Delaware corporation)
100 The Mountain Rd.
Framingham, Mass. 01701

For: CLOTHING—NAMELY, SHIRTS, HATS AND JACKETS, in CLASS 25 (U.S. Cl. 39).
First use Jun. 1974; in commerce Jun. 1974.

Ser. No. 421,780, filed Apr. 15, 1983.

JANIS MALTZ, Examiner

# EXHIBIT M

Log Out | Help | Security and Protection                    Search

## PayPal

| My Account | Send Money | Request Money | Merchant Services | Products & Services |

Overview   Add Money   Withdraw   History   Statements   Resolution Center   Profile

### Transaction Details

Express Checkout Payment Sent (Unique Transaction ID #39P497595S752703A)

**Original Transaction**

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Feb 1, 2013 | Payment To S Glick | Completed | ... | -$91.00 USD |

**Related Transaction**

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Feb 1, 2013 | Add Funds from a Bank Account | Completed | Details | $91.00 USD |

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | New OE headphones, free USPS shipping. Still sealed<br>Item # 261160815622 | | $91.00 USD |
| | | Amount | $91.00 USD |

Item Total: $91.00 USD
Sales Tax:
Shipping: $0.00 USD
Seller discount or charges: $0.00 USD

Total amount: -$91.00 USD
Fee amount: $0.00 USD
Net amount: -$91.00 USD
Date: Feb 1, 2013
Time: 09:06:54 PST
Status: Completed

Insurance: $0.00 USD

Shipping Address:

Calabasas, CA 91302-1502
United States
Confirmed ❓

Payment To: S Glick   (The recipient of this payment is Verified)
Seller's ID: s.glick2012
Seller's Email: S.Glick@live.com

Funding Type: Instant Transfer
Funding Source: $91.00 USD - J.P. MORGAN CHASE BANK, N.A. Checking (Confirmed) x-2785
Back Up Funding Source: MasterCard Credit Card XXXX-XXXX-XXXX-4844

Tracking Number: 9400111201080607067290 ❓
Carrier: USPS
Order Status: Shipped (Feb 2, 2013)

Description: Shopping Cart

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

Return to Log

Copyright © 1999-2013 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# EXHIBIT N

Log Out | Help | Security and Protection          | Search |

## PayPal

| My Account | Send Money | Request Money | Merchant Services | Products & Services |

Overview   Add Money   Withdraw   History   Statements   Resolution Center   Profile

### Transaction Details

Mobile Express Checkout Payment Sent (Unique Transaction ID #7CM51505T1673531S)

**Original Transaction**

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Feb 23, 2013 | Payment To Mariano Dicaprio | Completed | ... | -$132.50 USD |

**Related Transaction**

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Feb 23, 2013 | Add Funds from a Bank Account | Completed | Details | $115.00 USD |

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | Brend new, still sealed QC3 headphones. Free and fast shipping Item # 190801170168 | | $132.50 USD |
| | | Amount | $132.50 USD |

Item Total: $132.50 USD
Sales Tax:
Shipping: $0.00 USD
Seller discount or charges: $0.00 USD

Total amount: -$132.50 USD
Fee amount: $0.00 USD
Net amount: -$132.50 USD
Date: Feb 23, 2013
Time: 13:29:09 PST
Status: Completed

Insurance: $0.00 USD

Shipping Address:

Calabasas, CA 91302-1502
United States
Confirmed ?

Payment To: Mariano Dicaprio   (The recipient of this payment is Verified)
Seller's ID: dicapriomariano2013
Seller's Email: dicapriomariano@gmail.com

Funding Type: PayPal Funds and Instant Transfer
Funding Source: $17.50 USD - PayPal Account
$115.00 USD - J.P. MORGAN CHASE BANK, N.A. Checking (Confirmed) x-2785
Back Up Funding Source: MasterCard Credit Card XXXX-XXXX-XXXX-4844

Description: Shopping Cart

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

| Return to My Account |

About Us | Contact Us | Legal Agreements | Privacy | Fees | Site Feedback §

Copyright © 1999-2013 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV13- 2282 MWF (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
     **312 N. Spring St., Rm. G-8**
     **Los Angeles, CA 90012**

[ ] **Southern Division**
     **411 West Fourth St., Rm. 1-053**
     **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
     **3470 Twelfth St., Rm. 134**
     **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JOHNSON & PHAM, LLP
Christopher D. Johnson, Esq. (SBN: 222698)
Christopher Q. Pham, Esq. (SBN: 206697)
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, CA 91367
Tel: (818) 888-7540; Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSE CORPORATION, a Delaware Corporation, | CASE NUMBER |
| PLAINTIFF(S) | CV13-02282 MWF (PZx) |
| v. | |
| S. GLICK, an Individual d/b/a NEWDEALLZZ; MARIANO DICAPRIO, an Individual d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): S. GLICK, an Individual d/b/a NEWDEALLZZ; MARIANO DICAPRIO, an Individual d/b/a NEWDEALLZZ,  and DOES 1-10, Inclusive,

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Christopher Q. Pham, Esq._____, whose address is _6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAR 29 2013

Clerk, U.S. District Court

JULIE PRADO

Dated: _____

By: _____
           Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| BOSE CORPORATION, a Delaware Corporation, | S. GLICK, an Individual d/b/a NEWDEALLZZ; MARIANO DICAPRIO, an Individual d/b/a NEWDEALLZZ, and DOES 1-10, Inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Blvd, Suite 326, Woodland Hills, CA 91367<br>Tel. No.: (818) 888-7540, Fax: (818) 888-7544 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal Trademark Infringement (15 U.S.C. Section 1114/Lanham Act Section 32(a))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

CV13-02282

FOR OFFICE USE ONLY:  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Massachusetts |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date March 29, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |